FARMER, J.
A joint task force of customs agents, FBI, Secret Service and the Broward Sherriffs Office were investigating three Romanian men — Panaipescu, Romulus and Cerna who were living in Tamarac — for using false identity papers to bilk people out of more than $1 million. Armed with arrest warrants for only Panaipescu and Cerna, they began surveillance at an apartment complex. Agent Lopez saw three men standing outside one of the buildings. He thought he recognized only Romulus and Cerna by sight. A third man, whom they mistakenly believed was Panaipescu, entered one of the buildings.
The next day they saw Cerna and Romulus leave the apartment. A secret service agent — still believing the man was Panai-pescu — advised that the third man was on the patio of the apartment, smoking a cigarette and talking on a phone. The agents decided to arrest the man they believed *1263 was Panaipescu. Agent Lopez went to the patio and approached the man from behind. He placed his arms around the man, handcuffed him, and asked for identification. The man said his name was Borta and took the agents inside, where he produced a Canadian passport identifying himself as Borta, not Panaipescu. Lopez telephoned and verified that Borta was legally a permanent resident. The agents thereupon removed the handcuffs and released Borta.
Meanwhile one task force member asked Borta if he could look around the apartment for weapons or other persons. Borta consented. The agent looked in a closet and found an open box containing several drivers’ licenses, social security cards and credit cards with Borta’s picture but different names. After finding this box, they arrested Borta and again handcuffed him. Borta then signed a consent form to search the premises. That search turned up another box with more false identity papers with the pictures of the other suspects.
Borta later moved to suppress all the evidence, claiming that all of it resulted from the initial seizure and handcuffing. The trial court denied the motion, holding that the initial handcuffing was a good faith mistake, that Borta had then been released from that seizure, and that his later consents to search were both valid. We agree.
In Hill v. California, 401 U.S. 797, 91 S.Ct. 1106, 28 L.Ed.2d 484 (1971), the Supreme Court held that when police have a warrant to arrest one person but mistakenly arrest another, the arrest is valid if the mistake was reasonable. Subjective good faith alone is not enough; the mistake would be reasonable if the surrounding facts and context made the identification of the suspect sufficiently probable. 401 U.S. at 804, 91 S.Ct. 1106. Later the Court held that that the reasonableness of the arrest depends on the totality of circumstances. United States v. Sokolow, 490 U.S. 1, 8, 109 S.Ct. 1581, 104 L.Ed.2d 1 (1989).
The trial judge’s factual finding is supported by substantial competent evidence. The agents already had probable cause to arrest Panaipescu and Cerna. They had seen the man they believed was Panaipes-cu with another known suspect whom they recognized as part of the scheme and who lived in the same complex. They knew the three suspects had all been together in the same apartment, seeing the two leave. Under the circumstances the trial judge could determine that the identification of the third man, Panaipescu, was sufficiently probable. Their mistake was therefore reasonable under the circumstances.

Affirmed.

MAY, J., concurs.
STONE, J., dissents with opinion.